UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------X     CASE NO.:
VIRGINIA M. ELLIOTT, DEBORAH
KNOBLAUCH, JON FRANCIS, and LAURA
RODGERS, individually and on behalf
of all others similarly situated        **COMPLAINT**

                Plaintiffs,

      -against-

LEATHERSTOCKING CORPORATION,

                Defendant.
----------------------------------X

     Plaintiffs, VIRGINIA M. ELLIOTT, DEBORAH KNOBLAUCH, JON

FRANCIS, and LAURA RODGERS("named plaintiffs" or "representative

plaintiffs") by their attorneys, Leon Greenberg,

Lauren Goldberg and Ian Wallace, as and for their Complaint,

respectfully allege upon information and belief as follows, at

all relevant times hereinafter mentioned:

### INTRODUCTION

    1.   This is a class action brought by the Class

Representatives, on behalf of themselves and all other persons

similarly situated who suffered damages as a result of the

wrongful conduct and improper labor practices of defendant at all

times relevant hereto.

### PARTIES

    2.    At all times relevant hereto, defendant

LEATHERSTOCKING CORPORATION ("Leatherstocking") was a New York

corporation with a principal place of business in the State of

New York and the County of Otsego, such corporation not having

its stock listed or traded on any public stock exchange, such corporation owning, operating and managing the Otesaga Hotel and Resort (the "Resort") located in Cooperstown, New York.

3.   During the six years prior to the commencement of this action the defendant has employed in excess of 100 persons at the Resort as either room attendants who are responsible for cleaning and maintaining its guest rooms or dining room food service workers who are responsible for serving guests and busing tables in the dining facilities maintained at the Resort.

4.   At all times relevant hereto plaintiffs and named plaintiffs VIRGINIA M. ELLIOTT and DEBORAH KNOBLAUCH were employed by defendant as room attendants at the Resort, named plaintiff JON FRANCIS was employed by defendant as a dining room busser and banquet server at the Resort and named plaintiff LAURA RODGERS was employed by defendant as a dining room food server and banquet server.

**JURISDICTION**

5.   This Court has original Federal question jurisdiction as this case presents claims under the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

6.   This Court has jurisdiction over the New York State Claims raised in this case pursuant to 28 U.S.C. § 1367, in that such claims involve factual circumstances that are related to the federal claims and that need, in the interests of justice and

-2-

efficiency, to be resolved in the same proceeding as the federal claims.

7. In respect to the claims of the class members who present no individual federal claims, jurisdiction is proper over those persons and their claims that are presented in this case as well under 28 U.S.C. § 1367 as they are necessary parties to full and proper adjudication of all of the claims, including the federal claims, made herein, as all of such claims are overlapping and involve or potentially involve claims on a common fund of which all class members have a financial interest.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs, VIRGINIA M. ELLIOTT, DEBORAH KNOBLAUCH, JON FRANCIS, and LAURA RODGERS bring this action on behalf of themselves and all aggrieved persons employed by defendant who, as explained herein, constitute a class of all persons similarly situated.

9. The class of similarly situated persons to the named plaintiffs is defined as all individuals who worked for defendant at the Resort in room attendant and/or dining room food server and/or bussing positions and banquet server positions and who were, as a matter of law, entitled to the full amount of the "service/gratuity" charges defendant imposed upon, and collected from, its guests, such class making claims for such monies for the period beginning six years prior to the filing of this

Complaint until the date of entry of judgment, or, in the event defendant is found to have fraudulently or otherwise improperly concealed its actions giving rise to the liability alleged herein, and such concealment is deemed to have stayed the accrual of the statute of limitations applicable to such class claims, such longer period of time that the Court otherwise finds the class claims to be actionable for.

10.   The named plaintiffs also seek to represent a subclass of persons employed by defendant in food server and room attendant positions and who were not paid proper overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA") and New York State Law, 12 NYCRR 138-2.2.

11.   Plaintiffs are informed and believe that there are over 100 people within the above described class and subclass and such class and subclass members are so numerous that joinder of each member of the same individually is impractical.

12.   There is a well-defined community of interest in the questions of law and fact affecting the class and subclass as a whole.

13.   It was and is defendant Leatherstocking's policy to not pay any members of the class any portion of the funds it collected and continues to collect from its guests as a "service/gratuity" charge, although, for the reasons set forth, *supra,* it was solely the named plaintiffs and the other class

-4-

members who were entitled to such monies the defendant having no right to retain any portion of such monies for its own profit and benefit, or, alternatively, defendant failed to pay off of such service/gratuity charges to the class members as required by law and/or retained for its own profit or benefit or for the benefit of persons not entitled to the same a portion of such service/gratuity charges.

14.   Plaintiffs allege, among other things, these unilaterally-established and illegal policies in respect to the service/gratuity charge distribution and/or retention by the defendant violates the provisions of the New York Labor Law and the public policy articulated therein and the plaintiffs' and class members' common law rights.

15.   It was, and is, the defendant's policy to violate the applicable overtime pay requirements of the FLSA by failing to pay its dining service personnel, members of the subclass of the named plaintiffs JON FRANCIS and LAURA RODGERS, proper overtime pay as required by the FLSA and New York State Law, to wit, such persons would work in excess of 40 hours per week but would not receive any overtime, or time and one-half pay, based upon their "regular hourly rate", such subclass members not being exempt from such overtime pay requirements as commission compensated service workers because such persons received a flat, piece rate,

or "per head" amount for each customer they serviced, and they did not receive a true "commission" payment.

16.   It was, and is, the defendant's policy to violate the applicable minimum wage requirements of the FLSA by failing to pay its dining service personnel, members of the subclass of the named plaintiffs JON FRANCIS and LAURA RODGERS, proper minimum wages pay as required by the FLSA and New York State Law, to wit, such persons would work certain weeks but not receive payment at an hourly rate for such weeks that was at least equal to the minimum hourly wage required by the FLSA and New York State Law.

17.   It was, and is, the defendant's policy to violate the applicable overtime pay requirements of the FLSA and New York State Law by failing to pay its room attendants, members of the subclass of the named plaintiffs VIRGINIA M. ELLIOTT and DEBORAH KNOBLAUCH, proper overtime pay as required by the FLSA and New York State Law, to wit, such persons would work in excess of 40 hours per week but would not receive any overtime, or time and one-half pay, based upon their "regular hourly rate" in that as alleged herein such subclass members as a matter of New York Law should have received additional piece rate payments beyond their basic hourly wage, such piece rate payments representing their share of the service charges imposed by defendant on its customers and never paid to such subclass members, such subclass members not being exempt from such overtime pay requirements and

only being paid overtime based upon their basic hourly wage, not their "regularly hourly wage" which should have included for overtime calculation purposes such additional piece rate payments required to be made as a matter of New York law.

18.    Common questions of law and fact apply to all class and subclass members as stated herein.

19.    The named plaintiffs and their claims are typical of the class and subclass members and their claims, the class and subclass of plaintiffs alleged herein is so numerous that joinder of all such persons individually is impractical, the common questions of law and fact that apply to the class and subclass members predominate over any questions affecting only individual members, the claims or defenses of the named plaintiffs are typical of the claims or defenses of the class, the named plaintiffs will fairly and adequately protect the interests of the class and subclass, the instant class action is superior to other available means for the fair and efficient adjudication of the controversy set forth herein, the named plaintiffs have retained counsel experienced in the prosecution of class actions and wage claims and such counsel can adequately represent the class, and a class action should be imposed in this case pursuant to FRCP Rule 23.

**FACTUAL ALLEGATIONS**

20.   Defendant owns, operates and manages the Resort and in connection with the same imposes, as a mandatory condition upon guests paying for lodgings at the Resort, a specified daily "service charge," believed to be $16.00 per guest per night or in some other amount, defendant also imposing upon its dining room customers who did not purchase lodgings, including those securing banquet or other dining services, a "service charge" that was typically or often expressed as a percentage of such customers' food or beverage charges.

21.   When imposing the foregoing "service charges" defendant expressly represents to its guests paying such charge that it is in the nature of a mandatory gratuity for the class members, *e.g.*, defendant expressly represents such charge "...is distributed to the room attendant and the dining room personnel for services rendered" or in the case of service charges for food service or dining customers not purchasing lodgings that such service charges were in lieu of the tips such customers would customarily and typically leave for their food and beverage servers.

22.   Plaintiffs and each putative class member were room attendant or dining room or banquet food servers and bussers for whom the foregoing service charge was collected from defendant's customers.

-8-

23.    Despite collecting the foregoing service charges, and representing to its customers that the monies so collected were being paid, and would be paid, to the class members providing the services for which such charges were collected, defendant failed and refused to pay such monies, or the full amount of such monies so collected, to the class members providing such services and instead kept all or a portion of such monies for its own benefit, such benefit to the defendant including paying such monies or a portion of such monies to persons employed by the defendant who were not members of the class or not members of the class providing the services for which such charges were collected and by doing so reducing the costs the defendant would otherwise have to pay itself to compensate such persons, the defendant also concealing such actions from its customers, the class members and the general public.

24.    Defendant also represented to VIRGINIA M. ELLIOTT and DEBORAH KNOBLAUCH and all of its room attendant employees that they were receiving a basic hourly wage, paid by the defendant, of $9.00 to $11.00 an hour or a similar amount and intentionally did not disclose to such class members that defendant had determining it was paying most of that wage from amounts it collected from the service charges it imposed on its customers, defendant secretly determining that it was only paying the New York State "tip credit" hourly minimum wage to such room

-9-

attendant employees from funds that it designated as not being
collected from customer service charges, such non-disclosure by
the defendant being consistently maintained until sometime in
2009 or 2010 even when such room attendants prior to that date
had repeatedly inquired about the disposition of the service
charges paid by lodging customers, the defendant responding to
all such inquiries without actually disclosing to such room
attendants that the defendant considered all such service charge
payments to have already been received by such room attendants in
the basic hourly wage paid by the defendant to such class
members.

    25.   Defendant, by engaging in the conduct alleged in
paragraph 24, and in particular by concealing such conduct in
respect to how it was handling service charges, acted to advance
its economic interests, and its profits, through violations of
New York Law and the rights of the class members and in a
dishonest, illegal, and improper fashion in that the basic hourly
wage it represented to the room attendant class members it was
paying, between approximately $9.00 and $11.00 an hour, was
comparable to the going market rate for such labor in the
relevant geographic area, as other lodging establishments in the
Cooperstown, New York, area during the relevant time frame also
typically paid that basic hourly wage to their room attendants,
but that basic hourly wage paid by such other lodging

establishments was not funded from any collected "service charges" as such lodging establishments did not collect any "service charge" from their lodging customers and as a result the room attendants working for such other lodging establishments did regularly and as a matter of custom and practice receive substantial income from lodging customers' tips while class member room attendants did not receive any or more than a nominal amount of such tips as defendant's lodging customers understood the tip amounts they would otherwise pay to the room attendant class members were being paid from the service charges they paid the defendant.

**AS AND FOR A FIRST CAUSE OF ACTION FOR
VIOLATION OF THE FAIR LABOR STANDARDS
ACT ON BEHALF OF THE NAMED PLAINTIFFS
AND ALL OTHERS SIMILARLY SITUATED**

26.   The named plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

27.   Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.  At times, such plaintiffs and numerous other similarly situated employees of the defendant worked more than 40 hours per week for the defendant, and the defendant willfully

failed to make said overtime payments and/or minimum wage payments.

28.  The named plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seek, on this First Claim for Relief, a judgment for unpaid overtime wages and/or unpaid minimum wages, and additional liquidated damages of 100% of any unpaid minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiffs and any such other persons who consent to join this action, and the plaintiffs also seek an award of attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CAUSE OF ACTION FOR
VIOLATION OF THE NEW YORK STATE MINIMUM WAGE
ACT ON BEHALF OF THE NAMED PLAINTIFFS
AND ALL OTHERS SIMILARLY SITUATED**

29.  Plaintiffs repeat each and every allegation previously made herein.

30.  Pursuant to the New York State Minimum Wage Act (the "NYSMWA"), New York Labor Law Article 19, and the applicable Wage Order issued thereunder at 12 NYCRR 137-142, the named plaintiffs and other plaintiff class members were entitled to certain hourly minimum wages and overtime wages of one-half their regular hourly wage for all hours worked in excess of forty hours per week.  At times, such plaintiffs and numerous other similarly situated employees of the defendant worked more than 40 hours per week for

-12-

the defendant, and the defendant willfully failed to make said overtime payments and/or minimum wage payments.

31.  The named plaintiffs on behalf of themselves and all other similarly situated persons, seek, on this Second Claim for Relief, a judgment for unpaid overtime wages and/or unpaid minimum wages, and additional liquidated damages of 25% of any unpaid minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiffs and those similarly situated as alleged in this claim for relief, and the plaintiffs also seek an award of attorney's fees, interest and costs as provided for by the NYSMWA.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF SECTION 196-d OF THE**
**LABOR LAW OF THE STATE OF NEW YORK**

32.  This Court has jurisdiction over the claims presented herein pursuant to Article 6 and Section 196-d and 198 of the Labor Law of the State of New York.

33.  Defendant, by collecting from and charging its customers the aforesaid service charge, such charge constituted gratuities or tips within the meaning of Section 196-d, and failing to properly distribute 100% of that service charge to the plaintiff class members providing the services for which the charge was imposed, has violated the provisions of Labor Law

-13-

Section 196-d such violation giving rise to a cause of action on behalf of the plaintiff class under Labor Law Section 198.

34.   In respect to the class members who are room attendants, and to whom the defendant never disclosed that a portion of their basic hourly wage was paid from customer service charges collected by the defendant, the defendant should, as a matter of law, be deemed to have paid such persons no portion of such service charges whatsoever, such a holding also being compelled by the fact such non-disclosure and concealment of facts was willful and intentional by the defendant and utilized by the defendant to represent it was paying a typical and market wage to such room attendants when it was in fact not doing so and such room attendants received neither the represented market wage plus their legally required share of such service charges nor a market wage and the tips customers would customarily and regularly give to such employees in the absence of defendant imposing such a service charge.

35.   That as a result of the foregoing the named plaintiffs, on behalf of the class of plaintiffs and pursuant to Section 198 of the Labor Law of the State of New York, seeks to recover from the defendants all sums of money which the class did not receive and should have received under Section 196-d of the Labor Law of the State of New York, together with an award of

liquidated damages as provided for by statute, interest, costs, disbursements of this action, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### FOR WRONGFUL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE

36.   The individual plaintiffs repeat the allegations previously set forth as if each were separately and completely set forth herein.

37.   Defendant's customers who are charged, and pay, the aforesaid service charges assume, as represented by the defendant, that such service charge is being distributed, in full, to the class members.

38.   Defendant's retention of all or part of such service charges for itself as a pure profit to the defendant or for distribution to persons besides the class members is not disclosed by the defendant to its customers who are paying the same.

39.   The defendant wrongfully and tortiously interfered with the plaintiffs' and the class members' prospective economic advantage in the following, among other, respects:

(a) By misrepresenting to customers that an included service charge was to be distributed in full among the class members providing dining or guest room services and by doing so implicitly and/or explicitly stating or implying that the same

-15-

was in lieu of a voluntary gratuity such customers would
otherwise have given;

(b) Such service charge was either never distributed or only
partially distributed to the class members;

(c) The inclusion of such service charge discouraged
voluntary tipping or gratuity giving by customers to the class
members because such service charge was falsely represented as
being distributed in full to the class members by defendant and
was understood by defendant's customers to be charged in lieu of
the customary gratuity that such customer would otherwise bestow
upon such workers.

40.  A prospective contractual or other advantageous
economic relationship between plaintiffs and the class members
and the defendant's customers existed because it is the industry
custom for such customers to tip or pay a gratuity, or in lieu of
a gratuity a designated mandatory service charge to workers such
as the plaintiff and the class members, such custom also
requiring such tip, gratuity or service charge to be retained, in
full, by the workers actually performing the dining and guest
room services for such customers for which such service charge
was paid.

41.  The defendant was aware of such prospective contractual
or advantageous relationship because it is in the lodging and
dining service business and such tipping practice is customary

and the imposition of service charges, mandatorily paid by customers in lieu of such tips, and the distribution of the total of such service charges, in full, to the employees providing guest room housekeeping services and dining services being a standard practice in the lodging and dining industries.

42.   Defendant intended to harm the plaintiffs and the other class members by preventing the contractual or other economically advantageous relationship between the plaintiff and the class members and the defendant's customers or by appropriating to the defendant the prospective economic advantage and opportunity possessed by the plaintiffs and the class members in relation to the defendant's customers, in that the defendant was substantially certain that falsely representing that an included service charge in the cost of a lodging and/or dining purchase would be distributed in its entirety among its employees providing such services would result in an interference with a commercial relationship between plaintiffs and the class members and defendant's customers by dissuading voluntary tipping by its customers to the plaintiffs and the class members.

43.   Defendant can claim no privilege or justification for falsely representing to its customers that an included service charge was to be distributed in full among the class members and by doing so discouraging tipping by its customers to such persons.

44.   Plaintiffs and the class members suffered actual
harm as a result of defendant's practice of falsely representing
that an included service charge would be distributed in full
among plaintiffs and the class members in that plaintiffs and the
class members did not receive tips or gratuities from customers
that they otherwise would have had the service charge or gratuity
charge not been falsely represented by defendant as being
distributed in full to the class members.

45.   Defendant's conduct in tortiously interfering with
the plaintiff and the class members' prospective contractual and
advantageous relations with the defendant's customers, and the
defendant's appropriation of the plaintiffs' and the class
members' rightfully possessed and valuable economic opportunity
to receive tips or gratuities from such customers, was malicious,
in that defendant could have achieved its goal of enhancing its
profits by simply increasing the amount for which it sold its
dining and lodging services but declined to do so and concealed
such goal and increase in the prices it was charging its
customers and its increased profit margins by including such
increases in its "service charge" assessment that such customers
paid and that such customers understood not to be part of the
base charge included in the defendant's profits but to be for the
class members, including the individual plaintiffs, in lieu of a
tip or gratuity such customers would have otherwise freely given

to such employees of the defendant, and such conduct was intended to harm the plaintiffs and the class members and did harm them.

46.  As a result of the foregoing, the individual plaintiffs seek on behalf of themselves and the numerous other similarly situated members of the plaintiff class a judgment against the defendant for the sums of money owed, but not paid, to the class members as a result of the defendant's tortious interference, along with an award of punitive damages in the amount of ten million dollars ($10,000,000.00) to the class, along with interest, costs and attorney's fees.

**FIFTH CAUSE OF ACTION FOR CONVERSION**

47.  The plaintiffs repeat the allegations previously set forth as if each were separately and completely set forth herein.

48.  The included service charges as part of defendant's customers' bills were falsely represented by defendant as a gratuity to be distributed in full among the class members who provided the services for which such service charge was collected.

49.  Upon paying this service charge, it was the intent and understanding of the defendant's customers paying the same that the service charge money they had paid belonged to the plaintiffs and the class members, and defendant, through either active concealment or its silence, represented this to be true.

50.   The defendant's relationship to the service charge
funds that its customers intended for, and gave to, the
plaintiffs and the class members was that of bailee or custodian
lacking any legal right to retain any portion of the service
charge funds for itself, as such charges were represented by
defendant, either expressly or as a matter of law by defendant's
failure to advise its customers otherwise, as being fully
distributed by defendant to the plaintiffs and the other class
members actually providing the services to the defendant's
customers for which such service charge was made.

51.   By retaining all or a portion of the service charge
money for itself, defendant has converted funds rightfully
belonging to plaintiffs and the class members and willfully
failed and refused to deliver such funds to the plaintiff and the
class members, defendant's failure to do so being intentional and
constituting an act of conversion in that the defendant intended
to permanently deprive the plaintiffs and the class members of
such monies.

52.   As a result of the foregoing, the individual plaintiffs
seek on behalf of themselves and the numerous other similarly
situated members of the plaintiff class a judgment against the
defendant for the sums of money owed, but not paid, to the class
members as a result of the defendant's conversion along with an
award of punitive damages in the amount of ten million dollars

($10,000,000.00) to the class, along with interest, costs and attorney's fees.

## SIXTH CAUSE OF ACTION FOR NEGLIGENCE

53.   The individual plaintiffs repeat the allegations previously set forth as if each were separately and completely set forth herein.

54.   The defendant, by representing to its customers that the aforesaid service charges it collected from such customers were being distributed, and would be distributed, exclusively to the plaintiffs and the other class members, assumed a duty to exercise reasonable care to, in fact, so distribute such collected service charges to the plaintiff and the other class members.

55.   That the aforesaid duty of reasonable care was owed to the plaintiffs and the class members and it was reasonably foreseeable that the plaintiffs and the class members would sustain injury if the defendant failed to exercise reasonable care in discharging the aforesaid duty.

56.   That the defendant was negligent in that it breached its aforesaid duty of reasonable care in respect to having the service charges it collected from its customers paid to the plaintiffs and the class members and the plaintiffs and the class members as a result of such negligence proximately sustained damages, to wit, the loss of the service charge monies they would

have otherwise received, and no negligence or culpable conduct by the plaintiff or any class member contributing in any fashion to such loss.

57.    As a result of the foregoing, the individual plaintiffs seek on behalf of themselves and the numerous other similarly situated members of the plaintiff class a judgment against the defendant for the sums of money owed, but not paid, to the class members as a result of the defendant's negligence along with interest, costs and attorney's fees.

## SEVENTH CAUSE OF ACTION FOR DAMAGES SUSTAINED AS A THIRD PARTY CONTRACT BENEFICIARY

58.    The individual plaintiffs repeats the allegations previously set forth as if each were separately and completely set forth herein.

59.    In entering into its contracts and agreements with its customers, wherein its customers agreed to pay a service or gratuity charge as part of their lodging fee, the defendant made a promise, either express or implied and understood to exist by its customers, that such service charges paid by such customers were intended for the benefit of the plaintiffs and the class members who were providing the room attendant and dining room services that such service charge was designated for and further that no part of such service charges were to be retained by the defendant for its own profit or for the benefit of other

employees of the defendant besides the plaintiffs and the class members.

60.  The defendant knowing that its customers believed defendant was making such a promise to so distribute to the plaintiffs and the class members the service charges paid by its customers, and not to keep any portion of such service charges for its own profit, made no attempt to advise its customers that no such promise was, in fact, being made or kept by defendant and intentionally allowed its customers to believe such promise was being made and kept and intentionally concealed from its customers, and refused to reveal to its customers or the public that it was taking all or a portion of such service charges for its own profit or for employees of the defendant who were not class members, and as a result of such conduct is now estopped from denying any such promise was made and that the plaintiffs and the class members were intended beneficiaries of such promise.

61.  The defendant's customers reasonably relied upon defendant's promise that the service charges paid to defendant by its customers pursuant to the contracts between defendant and such customers would be paid, and were being paid, to the plaintiffs and the class members as the intended beneficiary of the same without any portion of such service or gratuity charges

being retained by the defendant for its own profit or being distributed to defendant's employees besides the class members.

62.   The defendant's aforesaid conduct has caused the plaintiffs and the class members damages in that the plaintiffs and the class members have failed to receive the full intended benefit of the contracts between the defendant and its customers, to wit, plaintiffs and the class members have not received their full share or any share whatsoever of such service charges the defendant has improperly, and in violation of its contract with its customers, failed to distribute to the plaintiffs and the class members.

63.  As a result of the foregoing, the individual plaintiffs seek on behalf of themselves, and the other plaintiffs similarly situated, the payment from the defendant to the plaintiffs of the monies retained by the defendant from the service and gratuity charges paid by the defendant's customers.

64.   As a result of the foregoing, the individual plaintiffs seek on behalf of themselves and the numerous other similarly situated members of the plaintiff class a judgment against the defendant for the sums of money owed, but not paid, to the class members as a result of the defendant's aforesaid breach of its contractual obligations, along with interest, costs and attorney's fees.

WHEREFORE, the plaintiffs demand judgment on each of the aforesaid causes of action as alleged therein, together with such other and further relief as the Court deems just.

Dated: August 2, 2010

                              Yours, Etc.

                              LEON GREENBERG, ESQ.
                              Attorney for Plaintiffs
                              633 South 4th Street - Suite 4
                              Las Vegas, NV 89101
                              (702) 383-6085

                                        /s/
                              Signed: _____
                                      Leon Greenberg, Esq.


                              Lauren Goldberg, Esq.
                              Ian Wallace, Esq.
                              Attorneys for Plaintiffs
                              501 Fifth Avenue - 19th Floor
                              New York, New York 10007
                              Tel: (646) 452-8380

CONSENT TO JOINDER

Virginia Elliott, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Virginia Elliott
Virginia Elliott

CONSENT TO JOINDER

.Deborah Knoblauch by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Deborah Knoblauch
Deborah Knoblauch

CONSENT TO JOINDER

JON FRANCIS, by signing below,
hereby consents to join this case as a plaintiff pursuant to 29
U.S.C. 216(b).

7-16-10

_____
JON FRANCIS

CONSENT TO JOINDER

LAURA RODGERS, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

LAURA RODGERS