UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

VIRGINIA M. ELLIOTT, DEBORAH
KNOBLAUCH, JON FRANCIS, and LAURA       :       No.  10-cv-00934 (TJM)(DEP)
RODGERS, individually and on behalf of all
others similarly situated,                   :

                    Plaintiffs,        :

              - against -          :

LEATHERSTOCKING CORPORATION,       :

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT LEATHERSTOCKING CORPORATION'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR
<u>JUDGMENT ON THE PLEADINGS</u>**

## TABLE OF CONTENTS

Page(s)

INTRODUCTION ........................................................................................................1

I.  Plaintiffs' Claim Based on Labor Law Section 196-d Should be Dismissed ..................1

    A.  Leatherstocking's Motion Should be Granted Without Consideration of
       Facts Outside the Complaint ....................................................................2

    B.  Defendant's Distribution of Service Charges to Captains Does Not
       Violate Section 196-d ..............................................................................4

    C.  Plaintiffs' Allegations that Service Charges were Distributed Outside of
       the Plaintiffs' Class is Insufficient to State a Section 196-d Claim ............................5

II.  Plaintiffs' Duplicative State Common Law Claims Fail as a Matter of Law ..................7

    A.  Plaintiffs' Conversion Claim Should be Dismissed ...................................................7

    B.  Plaintiffs' Negligence Claim Should be Dismissed ..................................................8

    C.  Plaintiffs' Claim for Wrongful Interference with Prospective Economic
       Advantage Should be Dismissed ............................................................8

    D.  Plaintiffs' Claim for Breach of Contract and Damages Sustained as a
       Third Party Beneficiary of such Breach of Contract Should be Dismissed ..............9

    E.  Plaintiffs Failed to Allege Facts that Give Rise to Punitive Damages .....................10

CONCLUSION.......................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

*Alderman v. 21 Club Inc.*,
    733 F. Supp. 2d 461 (S.D.N.Y. 2010)..................................................................4

*Command Cinema Corp. v. VCA Labs, Inc.*,
    464 F. Supp. 2d 191 (S.D.N.Y. 2006)..................................................................8

*Corazzini v. Litton Loan Servicing LLP*,
    No. 09-cv-0199, 2010 U.S. Dist. LEXIS 27398 (N.D.N.Y. Mar. 23, 2010) ......................8, 10

*Devarnne v. City of Schenectady*,
    No. 10-cv-1037, 2011 U.S. Dist. LEXIS 5778 (N.D.N.Y. Jan. 21, 2011)................................6

*Garcia v. La Revise Assoc.*,
    No. 08-cv-9356, 2011 U.S. Dist. LEXIS 3325 (S.D.N.Y. Jan. 13, 2011) ........................2, 5, 6

*ICC Indus., Inc. v. GATX Terminals Corp.*,
    690 F. Supp. 1282 (S.D.N.Y. 1988)......................................................................7

*In re Starbucks*,
    264 F.R.D. 67 (S.D.N.Y. 2009) .........................................................................2, 4, 6

*McMahon v. Olivier Cheng Catering & Events LLC*,
    No. 08-cv-8713, 2009 U.S. Dist. LEXIS 121855 (S.D.N.Y. Dec. 29, 2009) ..........................4

*Nat'l Liability & Fire Ins. Co. v. Mediterranean Shipping Co., S.A.*,
    No. 09-cv-6516, 2011 U.S. Dist. LEXIS 4756 (S.D.N.Y. Jan. 11, 2011) ................................7

*Overka v. American Airlines, Inc.*,
    265 F.R.D 14 (D. Mass. 2010).............................................................................9

*Williams v. Smith Ave. Moving Co.*,
    582 F. Supp. 2d 316 (N.D.N.Y. 2008)....................................................................7


**STATUTES AND REGULATIONS**

N.Y. Lab. Law § 196-d ................................................................................ passim

12 N.Y.C.R.R. § 146-2.18(d)...........................................................................3

4680922v.1

**TABLE OF AUTHORITIES**
**(CONT'D)**

Page(s)

**OTHER AUTHORITIES**

F.R.C.P. 12(C) .................................................................................................1, 10

Defendant Leatherstocking Corporation ("Leatherstocking") respectfully submits this reply memorandum of law in further support of its motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings as to Plaintiffs' third, fourth, fifth, sixth, and seventh causes of action in its First Amended Complaint.

## **INTRODUCTION**

In response to Leatherstocking's Motion for Judgment on the Pleadings on Plaintiffs' third cause of action, their Section 196-d claim, Plaintiffs raise a number of factual issues that have no bearing on the elements of a Section 196-d claim. Under the plain language of the statute, Plaintiffs must allege that Leatherstocking retained charges purported to be a gratuity in violation of the law. Because Plaintiffs have not made such allegations, as was made clear in Leatherstocking's moving papers, this cause of action should be dismissed.

Plaintiffs' fourth, fifth, sixth, and seventh causes of action should also be dismissed for the reasons stated in Leatherstocking's moving papers. For each of these claims, relief for Plaintiffs is unavailable as a matter of law, and Plaintiffs' response has not demonstrated otherwise. Rather than demonstrating how Plaintiffs have adequately pleaded the elements for each of these causes of actions, Plaintiffs argue without support that the elements should not apply. Plaintiffs' pleadings are inadequate as a matter of law, and these causes of action should be dismissed.

## I.   **PLAINTIFFS' CLAIM BASED ON LABOR LAW SECTION 196-D SHOULD BE DISMISSED**

Ignoring the plain language of Section 196-d of the New York Labor Law, Plaintiffs argue that their First Amended Complaint should survive a Rule 12(c) motion despite their failure to actually allege a violation of the law. Section 196-d of the New York Labor Law states in pertinent part: "No employer . . . shall . . . retain any part of a gratuity or of any charge

1

purported to be a gratuity for an employee." N.Y. LAB. LAW § 196-d; *see also In re Starbucks*, 264 F.R.D. 67, 71-72 (S.D.N.Y. 2009); *Garcia v. La Revise Assoc.*, No. 08-cv-9356, 2011 U.S. Dist. LEXIS 3325, at *16 (S.D.N.Y. Jan. 13, 2011). As Leatherstocking's moving papers make clear, PACER Docket Index Number ("D.I.") 21-1 at 7-14, Plaintiffs' First Amended Complaint nowhere alleges that Leatherstocking has retained charges purported to be gratuities. Plaintiffs' response does not argue otherwise. Because Plaintiffs fail to plead this necessary element of a violation of Section 196-d, their third cause of action must be dismissed.

A.    **Leatherstocking's Motion Should be Granted Without Consideration of Facts Outside the Complaint**

Plaintiffs respond to Leatherstocking's motion to dismiss the Section 196-d claim by raising factual allegations that they believe are in contention. These alleged factual disputes are irrelevant to Leatherstocking's motion for judgment on the pleadings, which should be granted based on Plaintiffs' failure to adequately plead the elements of this claim. Plaintiffs attempt to add new allegations through their attached affidavits for three of the four Plaintiffs (one of which is unexecuted), but these allegations do not cure the deficiency in their pleadings.[1]

Central to Plaintiffs' argument is their assertion that Leatherstocking's motion should not be granted because of an alleged failure on the part of Leatherstocking to provide an accounting to Plaintiffs. *See* D.I. 23 at 1, 3, 4, 9, 11, 12. Plaintiffs are wrong, and their attempt to create an issue of fact based on disclosure requirements found in the new New York Wage Order should be rejected for at least three reasons. First, Plaintiffs' claim turns on whether Leatherstocking *retained* funds purported to be gratuities, not on whether the provided records contain the specific type of details that Plaintiffs think would be most helpful. *See* D.I. 23 at 12.

---

[1] Plaintiffs also improperly refer to Leatherstocking's attachment of the state court filings as a purported showing by Leatherstocking regarding the facts of the case. The state court filings were attached as an exhibit as part of the procedural history of this action and do not amount to an evidentiary showing.

4680922v.1

Second, the Wage Order relied upon by Plaintiffs went into effect *after* the period of time covered by their First Amended Complaint. As has been made clear by the State of New York, the Wage Order's new recording requirements associated with the distribution of service charges were not required prior to January 1, 2011. *E.g.* D.I. 21-11, at 2 (describing the regulation of service charges "for the first time in New York State," and stating that these new regulations include a requirement that an employer "keep records" of collected service charges and that "[e]mployees must be allowed to view these records"); N.Y. Dep't of Labor Rural Area Flexibility Analysis at 2 (detailing the new record-keeping requirements of the new Wage Order, including "records on tip sharing, tip pooling and service charges"), available at http://www.labor.ny.gov/sites/legal/ laws/pdf_word_ docs/hospitality-wage-order/rural-area-flexibility-analysis.pdf. Third, the new Wage Order requires only that an employer distributing service charges make its records of distributions available to employees who ask for the records. D.I. 21-11 at 2; 12 N.Y.C.R.R. § 146-2.18(d). There is no requirement that these records be audited by a CPA or meet a particular format, as suggested by Plaintiffs, *see* D.I. 23 at 3, 4, 12, or that the records be made available in any more detail than the type of records provided as exhibits by Leatherstocking in the state court proceedings. The format of Leatherstocking's earlier voluntary disclosure of its records to Plaintiffs, in the context of confidential settlement discussions, D.I. 23 at 11, is not relevant, and even if this action were to proceed into discovery, Leatherstocking would not be required to create the "audited or CPA reviewed and attested to financial statement" requested by Plaintiffs as part of the discovery process. *See* D.I. 23 at 3.

Finally, Plaintiffs have advanced a novel theory that Leatherstocking should be held liable for the retention of service charges *even if* it actually distributed all collected service charges to eligible employees, but they provide no support for their argument. Am. Cmpl. at ¶ 35. In Plaintiffs' response, they invent a "notice and accounting" requirement under Section

3

196-d which would require Leatherstocking to pay out funds twice. D.I. 23 at 9-12, 12 ("The issue is whether defendant ever complied with the notice and accounting requirements imposed by Section 196-d. Plaintiffs allege it did not, and in respect to the room attendants there was a complete lack of any notice and accounting such that defendant should be deemed to have distributed no charges whatsoever to those persons."). There is no statute, regulation, guidance, or decision related to this non-existent "notice and accounting" requirement. Plaintiffs' assertion that a factual issue remains related to whether Leatherstocking complied with an illusory requirement should be rejected. *See* 21-1 at 8-9.[2]

### B.    Defendant's Distribution of Service Charges to Captains Does Not Violate Section 196-d

Plaintiffs' response alleges for the first time that captains should not have received service charges. This new allegation does not save Plaintiffs' Section 196-d claim for at least two reasons. First, the allegation is not present in the First Amended Complaint, and therefore judgment on the pleadings as they stand is still appropriate. Second, even if Plaintiffs had amended their complaint to include these new allegations, allegations that these captains should not have received service charges would be futile under New York law.

Captains are routinely a part of plaintiff classes in wage and hour complaints *seeking* distribution of tips or service charges, *e.g. Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461 (S.D.N.Y. 2010); *McMahon v. Olivier Cheng Catering & Events LLC*, No. 08-cv-8713, 2009 U.S. Dist. LEXIS 121855 (S.D.N.Y. Dec. 29, 2009), and courts in New York have made it clear that a captain is not an "employer" for purposes of Section 196-d, rendering them eligible to receive portions of a tip pool and charges purported to be gratuities. *In re Starbucks*, 264 F.R.D. 67, 72 (S.D.N.Y. 2009) ("[P]ersons without the capacity to hire, fire or discipline other

---

[2] While Plaintiffs argue that they have alleged that Leatherstocking did not distribute service charges, D.I. 23 at 5-6, Plaintiffs do so by relying on their assumption that room attendant distributions should be "deemed" unpaid. *See* D.I. 21-1 at 8-9, 12-13.

employees, even restaurant staff characterized as senior floor captains and accorded supervisory

responsibilities, are not agents for the purposes of Section 196-d."); *see also*, *Garcia v. La Revise*

*Assoc.*, 2011 U.S. Dist. LEXIS 3325, at *4, *14-23 (addressing Section 196-d claim and

approving the inclusion of captains and banquet coordinators in a Section 196-d claim where

captains were responsible, among other things, for "ascertaining customer satisfaction and

resolving any issues that might arise"); D.I. 21-1 at 10-11.

Plaintiffs' own affirmations place the captains at the Otesaga Hotel squarely

within the description of employees who are appropriately considered to be employees and not

employers for purposes of Section 196-d.  Plaintiffs describe captains as employees who ensure

the smooth flow of service to customers by directing and aiding in the distribution of food and

beverages to guests.  Nowhere do they assert that the captains had the managerial authority of an

employer, such as the authority to hire or fire employees.

In New York, Leatherstocking's captains are not employers for purposes of

Section 196-d, and as a result, the distribution of service charges to a captain does not violate

Section 196-d.  *See supra* at 1-2.  Plaintiffs' effort to save their Section 196-d claim by creating

new allegations related to captains should be rejected.[3]

> **C.**    **Plaintiffs' Allegations that Service Charges were Distributed Outside of the Plaintiffs' Class is Insufficient to State a Section 196-d Claim**

In their response, Plaintiffs argue that they have stated a Section 196-d claim

because they have alleged that Leatherstocking distributed service charges to individuals other

---

[3]    Plaintiffs rely on the recently enacted New York Wage Order when detailing the employees they claim are eligible to receive tips and service charges under New York law. D.I. 23 at 12. As noted above and in Leatherstocking's moving papers, D.I. 21-1 at 10 n.11, the New York Department of Labor has made it clear that this Wage Order made tips and service charges subject to regulation *for the first time* in New York State on January 1, 2011.  Moreover, Plaintiffs' argument *against* allowing an employer to set the distribution portions from collected service charges is unsupported by this new Wage Order and contradicted by the authority cited by Leatherstocking in its opening brief. D.I. 21-1 at 11-12.

than those defined by Plaintiffs as the plaintiff class. D.I. 23 at 5-9, 12-13. For the reasons

advanced above and in Leatherstocking's opening brief, D.I. 21-1 at 7-14, Plaintiffs' arguments

should be rejected. A Section 196-d claim requires a factual allegation that an *employer*

improperly retained funds purported to be gratuities. Regardless of their definition of the class,

therefore, Plaintiffs' claim fails because they have not alleged that those employees who may

have received service charges *outside of* their self-defined class are employers for purposes of

Section 196-d. *See* N.Y. LAB. LAW § 196-d; *In re Starbucks*, 264 F.R.D. at 71-72; *Garcia v.*

*La Revise Assoc.*, 2011 U.S. Dist. LEXIS 3325, at *16.[4]

       Plaintiffs now claim that their "limited" class represents all employees entitled to

receive charges purported to be gratuities as a matter of law. D.I. 23 at 5-9. But Plaintiffs'

arguments, both in their First Amended Complaint and their response, are completely devoid of

any factual allegations that would provide support for their definition. Because Plaintiffs'

definition lacks the required factual content that would entitle it to a presumption of truth, and

indeed is admittedly an incomplete list of employees, this definition need not be accepted by the

Court. As stated recently by this Court (and cited by Plaintiffs):

> Legal conclusions must be supported by factual allegations. *Iqbal*, at 1950.
> 'Threadbare recitals of the elements of a cause of action, supported by mere conclusory
> statements, do not suffice.' *Id.* at 1949. 'A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the reasonable inference that the defendant
> is liable for the misconduct alleged.' *Id.* 'Where a complaint pleads facts that are merely
> consistent with a defendant's liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.' *Id.* (quoting Twombly, 550 U.S. at 557) (internal
> quotations omitted).

*Devarnne v. City of Schenectady*, No. 10-cv-1037, 2011 U.S. Dist. LEXIS 5778, *4-5

(N.D.N.Y. Jan. 21, 2011). *See also* D.I. 21-1 at 10-11.

---

[4]  Indeed, Plaintiffs themselves state that employees outside the class may have been entitled to
service charges. D.I. 23 at 5-6 (stating that the First Amended Complaint is "limited" because it
does not include all employees who may be entitled to service charges).

6

## II.   PLAINTIFFS' DUPLICATIVE STATE COMMON LAW CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs' response fails to address the deficiencies in the pleadings of their state common law claims, and thus these claims should be dismissed for the reasons stated in Leatherstocking's opening brief. *See* D.I. 21-1 at 14-21.

### A.   Plaintiffs' Conversion Claim Should be Dismissed

In response to Leatherstocking's argument that Plaintiffs have failed to allege the elements of a conversion claim, D.I. 21-1 at 14-16, Plaintiffs argue that Leatherstocking "ignores" that Plaintiffs' claim is based on an alleged bailment of funds that created an agency relationship between the parties. D.I. 23 at 21-22. Plaintiffs' unsupported argument that this is a "classic" bailment claim, D.I. 23 at 22, is insufficient to salvage Plaintiffs' claim.

First, even where a bailment is established, a plaintiff must still allege all of the elements of conversion. *Williams v. Smith Ave. Moving Co.*, 582 F. Supp. 316, 323 (N.D.N.Y. 2008) (holding that where a bailment has been established, "a plaintiff must establish all of the traditional elements of conversion" to state a claim) (citing *I.C.C. Metals, Inc. v. Mun. Warehouse, Co.*, 50 N.Y. 2d 657, 665, 409 N.E. 2d 849 (1980)); *ICC Indus., Inc. v. GATX Terminals Corp.*, 690 F. Supp. 1282 (S.D.N.Y. 1988).

Second, Plaintiffs have failed to plead the required elements of a bailment. "The elements of a bailment are the intent to create a bailment, delivery of possession of the bailed items, and acceptance of the items by the bailee." *Nat'l Liability & Fire Ins. Co. v. Mediterranean Shipping Co., S.A.*, No. 09-cv-6516, 2011 U.S. Dist. LEXIS 4756 (S.D.N.Y. Jan. 11, 2011) (quoting *Chilewich Partners v. M.V. Alligator Fortune*, 853 F. Supp. 744, 756 (S.D.N.Y. 1994)). "The determination as to whether the relationship is one of bailor and bailee turns on whether there is a relinquishment of exclusive possession, control, and dominion over

the property." *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) (quotation omitted). Essential to a bailment claim is whether a party has "relinquish[ed] control over goods to another." *Id.* at 203. Here, Plaintiffs fail to allege any of the elements of a bailment. Furthermore, Plaintiffs affirmatively argue that they need not allege that they ever exercised ownership, possession or control over the service charges, D.I. 23 at 21-22, which would render delivery of the charges from the Plaintiffs to Leatherstocking impossible.

Because Plaintiffs have failed to plead the elements of conversion under New York law, this claim should be dismissed.

**B.     Plaintiffs' Negligence Claim Should be Dismissed**

As stated above, Plaintiffs have failed to plead the elements of a bailment under New York law. *See supra* at 7-8. Accordingly, any argument that their negligence claim is really a claim for negligent performance of a bailment must be rejected. *See* D.I. 23 at 21-22. Plaintiffs' footnoted statement that their negligence claim is not based on an alleged breach of a Section 196-d claim but instead on a breach of contract claim also fails. D.I. 23 at 22, n.7. New York does not recognize a claim for negligence where the claim is based on the same facts as another cause of action – including breach of contract claims. D.I. 21-1 at 16. Plaintiffs merely "append the language of tort to the sole factual allegation" supporting other claims, and therefore Plaintiffs' claim should be dismissed. *Corazzini v. Litton Loan Servicing LLP*, No. 09-cv-0199, 2010 U.S. Dist. LEXIS 27398, at *16 (N.D.N.Y. Mar. 23, 2010). *See also* D.I. 21-1 at 16.

**C.     Plaintiffs' Claim for Wrongful Interference with Prospective Economic Advantage Should be Dismissed**

Plaintiffs' fourth cause of action must be dismissed because they have failed to state a claim under New York Law. In response, Plaintiffs contend that they need not show that Leatherstocking was in competition with the Plaintiffs. D.I. 23 at 17-18. This is not

Leatherstocking's argument.  Leatherstocking argues that this claim should be dismissed for two

independent reasons.  <u>First</u>, New York does not recognize a claim by employees against an

employer for wrongful interference with prospective business relations between the employees

and the employer's customers.  *See* D.I. 21-1 at 16-17.  <u>Second</u>, Plaintiffs have "failed to allege

the elements of a wrongful interference claim, which include that 'defendants engaged in the use

of wrongful or unlawful means to secure a competitive advantage over plaintiff, or that

defendants acted for the sole purpose of inflicting intentional harm on plaintiff.'"  *See* D.I. 21-1

at 17-18 (quoting *B-S Indus. Contractors v. Burns. Bros. Contractors, Inc.*, 256 A.D.2d 963,

965, 681 N.Y.S.2d 897, 899 (1998)).

      Plaintiffs also ask this Court to ignore established New York law, D.I. 23 at 19-

20, and, in its place, apply Massachusetts law to this action instead.  D.I. 23 at 18-19.  Whether

or not Massachusetts allows an employee to assert a particular cause of action against an

employer is beside the point in an action involving employment in New York, by New York

employees, for a New York employer.[6]

### D.    Plaintiffs' Claim for Breach of Contract and Damages Sustained as a Third Party Beneficiary of such Breach of Contract Should be Dismissed

      Plaintiffs argue that they have met the required elements in New York for a claim

as a third party beneficiary but do not explain how they have done so.  D.I. 23 at 14-15.

Plaintiffs state that they have pleaded all that "is required at this stage," D.I. 23 at 15, and

dismiss the law's requirement that a third-party's benefit from a contract be more than

---

[6] Plaintiffs refer the Court to a recent District Court of Massachusetts opinion addressing a class certification.  D.I. 23 at 19.  In that action, *Overka v. American Airlines, Inc.*, 265 F.R.D 14 (D. Mass. 2010), the Court was confronted with a proposed plaintiff class that included employees from 34 different states.  Recognizing that state laws with respect to the required elements of a claim for tortious interference varied by state, the court allowed the class to proceed as one class but concluded that should the case reach a jury, the jury instructions must include the relevant elements from each state.  *Id.* at 22-24.  The *Overka* Court did not address whether allegations like Plaintiffs' would state a claim under New York law.

incidental, *id.* For the reasons stated by Leatherstocking in its moving brief, this pleading requirement cannot be ignored and this claim should be dismissed. D.I. 21-1 at 18-20.

   **E.      Plaintiffs Failed to Allege Facts that Give Rise to Punitive Damages**

          In support of their seventh cause of action for punitive damages, Plaintiffs once again ask the Court to ignore well-settled requirements under New York law. Without citing any case law or other authority in support of their request, Plaintiffs argue that this is the type of claim for which punitive damages should be available. D.I. 23 at 23-24. Plaintiffs' legally unsupported request for punitive damages should be rejected, and Plaintiffs' seventh cause of action should be dismissed for the reasons stated by Leatherstocking in its moving brief. D.I. 21-1 at 20-21.

<u>**CONCLUSION**</u>

          For the reasons stated above and in Leatherstocking's opening brief, Plaintiffs' third, fourth, fifth, sixth, and seventh causes of action should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        March 31, 2011

                              PATTERSON BELKNAP WEBB & TYLER LLP

                              By: _____

                              Lisa E. Cleary (lecleary@pbwt.com)
                              Krista D. Caner (kcaner@pbwt.com)
                              1133 Avenue of the Americas
                              New York, New York  10036-6710
                              Telephone: (212) 336-2000
                              Fax: (212) 336-2222

                              *Attorneys for Defendant Leatherstocking Corporation*

10

4680922v.1