UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
VIRGINIA M. ELLIOTT, DEBORAH KNOBLAUCH,    Docket #: 10-cv-00934-MAD-DEP
JON FRANCIS, LAURA RODGERS and JOHN RIVAS,
individually and on behalf of all others similarly situated

               Plaintiffs,

    -against-

LEATHERSTOCKING CORPORATION,

               Defendant.
---------------------------------------------------------------------X


ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS SETTLEMENT

      The Court has before it the plaintiffs' unopposed motion for preliminary approval of a proposed class action settlement ("Settlement"), which is subject to review and approval under Rule 23 and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Action.  After reviewing the Motion for Preliminary Approval, the Stipulation and Agreement of Settlement, and all relevant supporting documents, the Court hereby finds and orders as follows:

      1.      The Court finds on a preliminary basis, subject to further consideration at the Final Approval Hearing described below, that the Settlement memorialized in the Stipulation and Agreement of Settlement ("Stipulation") appears to be fair, adequate and reasonable, falls within the range of reasonableness, and therefore meets the requirements for preliminary approval and grants such preliminary approval, subject to any objections by members of the below specified settlement Class and final review by the Court.  The Court also finds that this Stipulation is the

result of protracted arms-length negotiations between experienced counsel in connection with Court-ordered settlement conferences.

    2.    Pursuant to Rule 23 and for the purposes of this Settlement only, the Court preliminarily certifies the following class ("Class"):

> All individuals who are listed on the allocation schedule, Exhibit "1" of the Stipulation, in respect to any of the claims asserted in the plaintiffs' third amended complaint and arising from such persons' employment by the defendant from August 2, 2004 to June 27, 2012, and in the event any such persons are deceased or legally adjudicated incompetents, their legal representatives or heirs at law.

    3.    The Court finds, for purposes of <u>settlement only</u>, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (a) the Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Class members, which questions predominate over individual issues; (c) the Named Plaintiffs' claims are typical of the claims of the Class; (d) the Named Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    4.    The Court, for settlement purposes only, appoints Named Plaintiffs Virginia M. Elliott, Deborah Knoblauch, Jon Francis, Laura Rogers and John Rivas as class representatives for the Class.

    5.    The Court appoints for settlement purposes only Christian Gabroy of the Gabroy Law Office and Leon Greenberg of Leon Greenberg Professional Corporation as counsel for the Class.

    6.    The Court appoints Rust Consulting as the Claims Administrator and preliminarily finds that the estimated settlement administration costs of $25,000, as set forth in the Plan of Allocation detailed in Exhibit "4" of the Stipulation are fair and reasonable, and approves the distribution of reasonable fees and costs associated with providing the Notice to the

Class members, review of claims, and the administration of the Settlement up to the amount of $25,000 without further order of this Court. The defendant is directed to deposit the agreed upon Gross Settlement Fund of $550,000 with the Claims Administrator within ten (10) days of the entry of this Order, the Claims Administrator to place such funds in escrow pursuant to the Stipulation until further Order of this Court. All funds held by the Claims Administrator shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of this Court. No distribution or payment from the Gross Settlement Fund shall be made to any Person unless specifically authorized by the Stipulation or an order of this Court; provided, however, that the Claims Administrator shall invest and reinvest any funds in escrow in short term United States Treasury securities or bank account(s) fully insured by the United States government, and shall collect and reinvest all interest or income accrued thereon.

7. The Court approves, as to the form and content, the Notice of Proposed Class Action Settlement ("Notice"), attached hereto as Exhibit A, which informs the members of the Class of the terms of the proposed Settlement, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing, and the Claim Form attached hereto as Exhibit B. The Court finds that the dates selected for the mailing, distribution and response to the Notice and the submission of Claim Forms, objections, and requests for exclusion from the Class meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto and meet the requirements of Rule 23.

8. Class members shall be bound by the determinations and judgments in the Action with respect to the Stipulation, whether favorable or unfavorable, unless they request exclusion

in a timely and proper manner as described in the Notice. Class members requesting exclusion from the Class shall not be entitled to receive any payment out of the Gross Settlement Fund or any other payment provided for under the plan of allocation, as described in the Stipulation and the Notice.

9. The Court enjoins Plaintiffs and all Class members from filing or prosecuting any claims, suits or administrative proceedings regarding claims that would be released upon the final approval of the Settlement and the final judgment to be entered thereon, unless and until such Class Members have filed a valid request for exclusion with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

10. The Court orders the following schedule of dates for further proceedings:

   a. The Notice and Claim Forms shall be mailed by first class mail, postage prepaid, by the Claims Administrator to the last known address of each Settlement Class Member no later than 30 days from the date of this Order, and if such date falls on a Saturday, Sunday or legal holiday the next business day. OCTOBER 15, 2012

   b. Deadline for Plaintiffs' serving and filing Motion for Final Approval: November 17, 2012

   c. Deadline for comments and/or objections to the Settlement, to be submitted in the manner defined in the Notice: November 13, 2012

   d. Final Approval Hearing pursuant to Rule 23: November 28, 2012

11. The purpose of the Final Approval Hearing shall be as follows:

   a. To finally determine whether the Action satisfies the applicable requisites for class action treatment of the Class under Rule 23 for the purposes of this Settlement;

   b. To determine whether the proposed Settlement is fair, reasonable, and adequate,

and should be approved by this Court;

    c. To determine whether the Order and Final Judgment as provided under the Stipulation should be entered in the Action, dismissing the Third Amended Complaint filed in the Action against the Defendant, on the merits and with prejudice, and to determine whether the release by the Class of Claims, as set forth in the Stipulation, should be provided to the Defendant.

    d. To determine whether the allocation, as set forth in the Notice, for the proceeds of the Settlement is fair and reasonable, and should be approved by this Court;

    e. To consider Plaintiffs' Counsel's application for an allocation of attorneys' fees and expenses;

    f. To consider comments and/or objections to the Settlement, including the distribution of the Gross Settlement Fund, provided that the comments and/or objections are submitted in a timely and proper manner;

    g. To consider enhancement payments specified in the plan of allocation for the Named Plaintiffs for their assistance in the prosecution of the Action.

    h. To rule upon such other matters as this Court may deem appropriate.

12. In the event no objections to the Settlement are received in a timely manner and in the form provided for in the Notice, the Court may cancel the Final Fairness Hearing, without notice to the Class, and proceed to make the foregoing determinations required under Rule 23 based upon the written submissions of the parties.

13. Any Class member who does not object to the Settlement, including the distribution of funds from the Gross Settlement fund, as provided for in the Notice and by the deadline above shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Order and Final Judgment, the plan of allocation, the application for attorneys' fees and reimbursement of expenses, or the requested enhancement payments to the Named Plaintiffs as provided for in the plan of allocation set forth in the Notice.

14. The Claims Administrator, with the assistance of Plaintiffs' Counsel, shall, at or before the Final Approval Hearing, file with this Court proof of mailing of the Notice and the Claim Form to all Class members.

15. This Court reserves the right to approve the Stipulation with or without modification and with or without further notice of any kind. This Court further reserves the right to enter the Order and Final Judgment in the Action, approving the Stipulation and dismissing the Action as against the Defendant, on the merits and with prejudice, regardless of whether it has approved the plan of allocation, or allocated attorneys' fees and expenses.

16. Within 10 days of the entry of this Preliminary Order Defendant's Counsel shall serve notice of the proposed Settlement upon the appropriate state and federal officials as specified in 28 U.S.C. § 1715.

17. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement, the plan of allocation for the Settlement Class, the application for attorneys' fees and reimbursement of expenses, or

the requested enhancement payments to the Named Plaintiffs as provided for in the plan of allocation set forth in the Notice.

IT IS SO ORDERED.

Dated: September 13, 2012

/s/ Mae A. D'Agostino
Mae A. D'Agostino
UNITED STATES DISTRICT COURT JUDGE