**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VIRGINIA M. ELLIOT, DEBORAH KNOBLAUCH,**
**JON FRANCIS, LAURA RODGERS and**
**JOHN RIVAS, individually and on behalf of all**
**others similarly situated,**

                           **Plaintiffs,**
    vs.                                        3:10-CV-0934
                                                (MAD/DEP)
**LEATHERSTOCKING CORPORATION,**

                           **Defendant.**
_____

APPEARANCES:                                OF COUNSEL:

LEON GREENBERG PROFESSIONAL        Leon Greenberg, Esq.
CORPORATION
633 South 4th Street
Suite 4
Las Vegas, NV 89101
*Attorney for Plaintiffs*

GABROY LAW FIRM                         Christian Gabroy, Esq.
170 S. Green Valley Parkway
Suite 280
Henderson, NV 89012
*Attorney for Plaintiffs*

PATTERSON, BELKNAP LAW FIRM         Lisa E. Cleary, Esq.
1133 Avenue of the Americas                  Krista D. Adler, Esq.
New York, NY 10036-6710
*Attorney for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Plaintiffs are employed by defendant Leatherstocking Corporation as room attendants and

food and beverage service personnel. (Dkt. No. 80). In August 2010, plaintiffs commenced this

action alleging that putative class members were not paid overtime wages and minimum wage as required by 29 U.S.C. § 201-219, the Fair Labor Standards Act ("FLSA") and New York's Labor Law. Plaintiffs subsequently filed and served two amended complaints.

After conducting discovery, the parties participated in two Court supervised settlement conferences and reached a settlement in the amount of $550,000.00 in satisfaction of all claims including attorneys' fees, costs, enhancement payments, smaller additional payments to FLSA plaintiffs and costs relating to claims administration. From the gross settlement amount, plaintiffs propose that $24,396.21 be allocated to the settlement administrator, $5,000.00 to the five named plaintiffs, $127,475.00 to class plaintiffs' counsel, $10,000.00 to be divided among the 32 Class Members who previously filed FLSA claims, and $100,000.00 to be divided among all Class Members who do not exclude themselves and who do not submit a valid claim form[1]. Plaintiffs and each class member would receive a pro rata share of the remaining settlement proceeds of $263,128.79 as set forth in the Settlement Agreement. No portion of the settlement reverts to defendant.

On September 13, 2012, the Court entered an Order preliminarily approving the settlement subject to the objections of class members and upon final review of the court. The Court also conditionally certified the settlement class and appointed class counsel. The court approved the Notice of Proposed Action Settlement to all class members and appointed Rust Consulting Inc. as the claims administrator. (Dkt. No. 89).

On October 9, 2012 , a claims administrator sent Notice to 660 class members informing them of their right to submit a claim form or opt out of the settlement by December 8, 2012. The

---

[1] Any undistributed monies from this fund will go to the *cy pres* beneficiary, the American Red Cross. A "*cy pres* remedy" or "fluid recovery", "prevents the defendant from walking away from the litigation scot-free because of the infeasibility of distributing the proceeds of the settlement." *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 784 (7th Cir.2004).

2

Notice also informed the class that defendant agreed to pay $550,000.00 to settle the lawsuit and also advised that class counsel intends to seek no more than 20.45% of the settlement amount, or $112,47.005, for attorneys fees for the attorneys prosecuting the lawsuit on behalf of the class; no more than $15,000.00 to pay for the expenses and costs incurred by the attorneys prosecuting the Lawsuit on behalf of the class; no more than $25,000 in total, for enhancement payments of $5,000 each to the five named plaintiffs for their assistance in prosecuting this case; and an amount anticipated to be no more than $25,000 for the costs of administering the settlement.[2]

To date, Rust has received 204 claim forms for the settlement and two written opt out requests. *See* Court Ex. 1. No class member has objected and the last day for serving and filing such objections was November 13, 2012. Class members have until December 8, 2012 to file claims. To date, 90% of class members have been notified.

On November 13, 2012, plaintiffs filed their motion for final approval of a class action settlement. (Dkt. No. 93). On the same day, plaintiffs' counsel filed a motion for an award of attorneys' fees and reimbursement of expenses. (Dkt. No. 94). Defendant does not oppose the motions.

On November 28, 2012, the Court held a Fairness Hearing. No class member appeared at the hearing to object to the settlement or request exclusion from the class. Class Counsel indicated that he anticipates that a total of 40% of the class members will file claims.

The Court, having read all submissions including the Settlement Agreement, Notice, Affidavits, Memoranda of Law and having considered the oral argument presented at the Fairness Hearing and the complete record in this matter, and for good cause shown, resolves the issues as follows.

---

[2] The costs of administering the settlement actually totaled $24,396.21.

**DISCUSSION**

**I.     Class Certification**

The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes:

> All individuals who are listed on the allocation schedule, Exhibit "1" to the Stipulation[3], in respect to any of the claims asserted in the plaintiffs' third amended complaint and arising from such persons' employment by defendant from August 2, 2004 to June 27, 2012, and in the event any such persons are deceased or legally adjudicated incompetents, their legal representatives or heirs at law
.

Plaintiffs meet all of the requirements for class certification under Fed.R.Civ.P. 23(a) and (b)(3). "[N]umerosity is presumed at a level of 40 members . . ." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995). Plaintiffs satisfy Fed.R.Civ.P. 23(a)(1) because there are approximately 660 class members and, thus, joinder is impracticable. *See Johnson v. Brennan,* 2011 WL 4357376, at *4 (S.D.N.Y. 2011) (the plaintiffs easily satisfied the numerosity requirement because there were approximately 394 class members).

The proposed class also satisfies Fed.R.Civ.P. 23(a)(2), the commonality requirement. All class members raise common issues concerning defendant's failure to pay overtime, minimum wages, and properly distribute service charges.

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3), typicality, because all class members' claims are based on the same factual and legal theories.  Moreover, all class members suffered the same injury.  *See McMahon v. Olivier Cheng Catering and Events, LLC*., 2010 WL 2399328, at *2 (S.D.N.Y. 2010) (the class members sustained the same injury - defendants' failure to pay proper overtime and mandatory gratuities paid by customers).

---

[3] *See* Dkt. No. 86.

Plaintiffs satisfy Fed.R.Civ.P. 23(a)(4) because there is no evidence that plaintiffs' and the class members' interests are at odds. *See Ramirez v. Lovin' Oven Catering Suffolk, Inc*., 2012 WL 651640, at *2 (S.D.N.Y. 2012).

Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *Capsolas v. Pasta Res. Inc*., 2012 WL 4760910 at *3 (S.D.N.Y. 2012) (citing *deMunecas v. Bold Food LLC*, 2010 WL 2399345, at *2 (S.D.N.Y. 2010) (class adjudication would conserve judicial resources and increase efficiency for class members in restaurant case on behalf of tipped minimum wage workers)). Thus, the requirements of certification have been met.

## II.   Approval of Settlement

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval for class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. *Willix v. Heathfirst, Inc.*, 2011 WL 754862 (E.D.N.Y. 2011). There is a "strong judicial policy in favor of settlements, particularly in the class action context" and a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery". *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 116 -117 (2d Cir. 2005) (citation omitted). The Court gives weight to the partes' judgment that the settlement is fair and reasonable. *Khait v. Whirlpool Corp*., 2010 WL 2025106, at *5 (E.D.N.Y. 2010).

### A.   Procedural Fairness

To determine whether a settlement is procedurally fair, courts examine the settlement's terms and the negotiating process leading to settlement. *Wal-Mart Stores, Inc*, 396 F.3d at 116

5

-117 (citation omitted).  "Arm's length negotiations involving counsel and a mediator raise the presumption that a settlement meets the required needs of due process." *Id*. at 116.  Here, after nearly two years of litigation, the parties exchanged discovery and engaged in negotiations and discussions with the assistance of United States Magistrate Judge David E. Peebles.  Thus, the Court finds that the settlement was procedurally fair and adequate and not the product of fraud or collusion.

**B.     Substantive Fairness**

To determine if a settlement is substantively fair, the Court should examine the facts set forth by the Second Circuit in *City of Detroit v. Grinnell Corp*., 495 F.2d 448 (2d Cir. 1974).  The factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *Grinnell,* 495 F.2d at 463 (citations omitted).  "A court need not find that every factor militates in favor of finding fairness; rather, a court considers the totality of these factors".  *Gorey v. Manheim Servs. Corp*., 2012 WL 760309, at *3 (S.D.N.Y. 2012) (citations omitted).

In this matter, the factors weigh in favor of the settlement.  Class actions are generally complex and preparing and putting evidence to support plaintiffs' position would consume tremendous time and financial resources.  *Ebbert v. Nassau County*, 2011 WL 6826121, at *9 (E.D.N.Y. 2011).  Plaintiffs claim that a significant dispute exists regarding liability as defendant

6

maintains that it properly distributed all collected service charges and overtime payments. Moreover, the parties disagree regarding the requirements of overtime pay and whether defendant's policies complied with New York State Law and the FLSA.  As such, a trial is likely to be lengthy and complex and this factor weighs in favor of final approval.

The reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy.  *Ebbert*, 2011 WL 6826121, at *10.  Here, the class reaction to the settlement is positive.  None of the class members objected to the settlement and only two of the 660 class members have requested exclusion. The fact that the vast majority of class members neither objected nor opted out is a factor supporting fairness.  *See Willix*, 2011 WL 754862, at *4.

The parties have completed enough discovery to recommend settlement.  Plaintiffs commenced this matter in August 2010.  Since that time, the parties have engaged in motion practice and analyzed voluminous records.  Defendant's computer records were analyzed by a consultant retained by class counsel.  The parties have completed a sufficient amount of discovery to adequately appreciate the merits of the case before negotiating a settlement and participating in two conferences before Magistrate Judge Peebles.  *See In re Warfarin Sodium Antitrust Litig*., 391 F.3d 516, 537 (3d Cir. 2004).

The issues with respect to liability and damages present significant uncertainty and thus, weigh in favor of final approval.  One purpose of settlement is to avoid the uncertainty of a trial on the merits.  *See In re Ira Haupt & Co.*, 304 F.Supp. 917, 934 (S.D.N.Y. 1969).  Plaintiffs assert that the dispute over which employees were paid would require expert testimony and is particularly fact-intensive.  To avoid uncertainty, this settlement is necessary.

7

The risk of maintaining class status also weights in favor of settlement. Defendant has consented to the class treatment for settlement purposes only and has indicated to plaintiffs' counsel that it would "vigorously oppose certification". A motion to decertify the class would result in extensive briefing and argument and thus, this factor weighs in favor of settlement. *See Willix*, 2011 WL 754862, at *4; *see also McMahon*, 2010 WL 2399328, at *5 (the settlement eliminates the risk and expense and delay inherent in a motion contesting class certification).

The immediate recovery of the substantial settlement amount includes meaningful payment to class members and is outweighed by the mere possibility of further relief. *See Ramirez*, 2012 WL 651640, at *3 (S.D.N.Y. 2012) (the settlement for employees of catering service who were not properly compensated for overtime hours was a fair and reasonable settlement).

The Court notes that defendant may be able to withstand a higher judgment but this factor alone does not suggest that the settlement is unfair. *See Ebbert*, 2011 WL 6826121, at *12. After consideration of all *Grinnell* factors, the Court concludes that the settlement is substantively fair, reasonable and adequate under Rule 23.

**C.    FLSA Settlement**

The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because it does not implicate the same due process concerns. *Willix*, at *8. The majority of federal courts have required parties settling claims under the FLSA to obtain court approval. *Chavarria v. New York Airport Serv., LLC*, 2012 WL 2394797, at *9 (E.D.N.Y. 2012). Here, the FLSA settlement was the result of contested litigation and arm's length negotiations and meets the legal standard for approval.

**D.    Notice**

8

The settlement notice must fairly apprise prospective members of the class terms, of the proposed settlement and of the options that are open to them. *See Cavalieri v. Gen. Elect. Co.*, 2009 WL 2426001, at *3 (citation omitted). Here, the Court has reviewed the Declaration of Stacy Roe and the exhibits annexed thereto. The Court finds that the Notice fairly and adequately advised the class members of the terms of the settlement and their rights to object or opt out of the settlement. The Notice also informed class members of the date, time and location of the Fairness Hearing.

The Court finds that the Notice comported with all due process requirements.

**E.    Attorneys' Fees**

On September 13, 2012, the Court appointed Christian Gabroy of the Gabroy Law Office and Leon Greenberg of Leon Greenberg Professional Corporation as counsel for the class.

A district court has broad discretion to determine what constitutes a reasonable award for attorneys' fees. *Goldberger v. Integrated Res., Inc*., 209 F.3d 43, 47-48 (2d Cir. 2000). Attorneys who create a common fund from which members of a class are compensated are entitled to "a reasonable fee—set by the court—to be taken from the fund" . *Id*. The Court may award fees using the lodestar method, where the Court multiplies the reasonable hourly rate by the hours expended on the case or award fees based upon a percentage of the common fund. *Id*. (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany Bd. Of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) ("[t]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bearing in mind that a reasonable paying client wishes to spend the minimum necessary to litigate a case effectively")).

In cases of this nature, the "trend" in this Circuit is to award fair and reasonable fees using the "percentage of recovery method". *See McMahon*, 2010 WL 2399328, at *7 (collecting cases).

Fee awards in wage and hour cases are meant "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel". *Id.* (citations omitted). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the New York Labor Law. *See Willix*, 2010 WL 754862, at *6 (collecting cases). The courts prefer the percentage method because it directly aligns the interests of the class and its counsel and because it provides an incentive to attorneys to resolve the case efficiently and to create the largest common fund out of which payments to the class can be made. *Wal–Mart Stores*, 396 F.3d at 122 (internal quotation marks omitted). The percentage method also "mimics the compensation system actually used by individual clients to compensate their attorneys ." *In re Sumitomo Copper Litig.,* 74 F.Supp.2d 393, 397 (S.D.N.Y.1999). The percentage method also promotes early resolution and discourages plaintiffs' lawyers from running up their billable hours, one of the most significant downside of the lodestar method. *Johnson v. Brennan*, 2011 WL 4357376, at *14 (S.D.N.Y. 2011).

Under either method, the Court is guided by the following factors: (1) the time and labor expended by counsel; (2) the magnitude and complexity of litigation; (3) the risk of the litigation; (4) the quality of the representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50.

The district court's task of ensuring the fairness of the attorneys' fee award is especially challenging in common fund cases such as this where the attorneys' fees are drawn from a common fund rather than being paid separately by the defendants because there is little incentive for the defendants to contest the size of the fee. *McDaniel v. County of Schenectady,* 595 F.3d 411, 418 (2d Cir. 2010).

The Second Circuit has held that "any attorney who applies for court-ordered compensation for work done must document the application with contemporaneous time records. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). At the conclusion of the Fairness Hearing, the Court directed Class Counsel to provide a copy of the contingency/retainer agreement and copies of contemporaneous time records. On November 28, 2012 and November 29, 2012, class counsel provided the aforementioned documentation and information.

Based upon the motion, the oral argument at the Fairness Hearing and the supplemental submissions, the Court finds as follows. Class counsel did substantial work identifying, investigating, prosecuting and settling plaintiffs' claims. Class counsel are experienced lawyers who have prosecuted and favorably settled numerous class action lawsuits, including wage and hour class actions. *See McMahon*, 2010 WL 299328, at *6 (collecting cases); *see also Massiah v. MetroPlus Health Plan, Inc*., 2012 WL 5874655, at *6 (E.D.N.Y. 2012) (class counsel was well versed in wage and hour law and in class action law to warrant 33% of the settlement fund in fees). Class counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage of recovery fee of 20.45% is consistent with *Arbor Hill*, where the Court took into account what a "reasonable, paying client" would pay. *See Massiah*, 2012 WL 5874655, at *8 (*Arbor Hill* is not controlling but supports recovery that is contingent upon success). The Court also makes note of the risk of a contingent fee in this type of litigation. *Cavalieri*, 2009 WL 2426001, at *4. All *Goldberger* factors weigh in favor of awarding the requested fees herein. The fees shall also cover all time spent administering the settlement going forward. *See Khait v. Whirlpool Corp.*, 2010 WL 2025106 (E.D.N.Y. 2010).

The Second Circuit favors using the lodestar method as a "cross check" when the percentage method is applied. *Goldberger*, 209 F.3d at 50. The lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. Courts then consider whether a multiplier is warranted based on factors, such as: (1) the contingent nature of the expected compensation for services rendered; (2) the consequent risk of non-payment viewed as of the time of filing the suit; (3) the quality of representation; and (4) the results achieved. *Goldberger*, 209 F.3d at 47. Here, Class counsel is not seeking a lodestar multiplier. Counsel expended more than 448 hours litigating and settling this matter. The award counsel seeks is almost $15,000.00 less than the amount he could have charged a client for his billable hours alone. *Chavarria v. New York Airport Service, LLC*, 2012 WL 2394797, at *11 -12 (E.D.N.Y. 2012); *see also Garcia*, 2012 WL 5305694, at *8.

The modest size of the $550,000.00 settlement also weighs in favor of granting the requested fee award of 20.45% of the common fund. *See Johnson*, 2011 WL 4357376, at *19; *see also Chavarria*, 2012 WL 2394797, at *12 (the plaintiffs requested attorneys' fees in the amount of $45,250.00 or 1/3 of the amount of the settlement or $137,750.00); *deMunecas*, 2010 WL 3322580, at *8 (awarding 33% of $800,000 fund in FLSA and NYLL tip misappropriation case). Upon review of the entire record and the caselaw in this district, the Court finds that the fee request is reasonable under the circumstances and consistent with the norms of class litigation in this circuit. *McMahon*, 2010 WL 299328, at *7 (awarding 33% of the $400,000.00 settlement fund in FLSA and wage hour case); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 2012 WL 5305694, at *9 (E.D.N.Y. 2012) (awarding $116,655 in attorneys' fees in wage and hour case). The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the settlement fund.

## F.  Service Awards

Service awards are common in class action cases and are important to compensate a plaintiff for the time and effort expended in assisting in the prosecution of the litigation.  *See Ramirez*, 2012 WL 651640, at *4 ($10,000.00 service award reasonable).  Class Counsel avers that the service awards are necessary to compensate the named plaintiffs for their assistance during motion practice and in identifying class members.  The Court finds that the amount for each plaintiff is within the range acceptable for class representatives.  *See Cavalieri*, 2009 WL 2426001, at *4.

## CONCLUSION

**It is hereby**

**ORDERED**, for the foregoing reasons, plaintiffs' motion for final approval of the class action settlement (Dkt. No. 93) is **GRANTED;** it is further

**ORDERED**, that plaintiffs' motion for an award of attorneys' fees and reimbursement of expenses (Dkt. No. 94) is **GRANTED**; it is further

**ORDERED** that the parties distribute the settlement funds in accordance with the terms of the settlement agreement.

**IT IS SO ORDERED.**

Dated:  December 4, 2012
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge